IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03062-BNB

CARY GAGAN,

    Plaintiff,

v.

ERIC HOLDER, JR., Attorney General,
JOHN WALSH, III, U.S. Attorney, and
U.S. DEPARTMENT OF JUSTICE,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff, Cary Gagan, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Gagan has filed *pro se* a Prisoner Complaint asserting claims pursuant to the Freedom of Information Act (FOIA) and the Administrative Procedure Act (APA). As relief he asks that Defendants be ordered to immediately process his records request and disclose to him in their entirety the records he has requested. Mr. Gagan also has filed a motion (Doc. #3) seeking the disqualification of all active and senior judges in the District of Colorado and appointment of a judge from outside the Tenth Circuit. For the reasons stated below, the motion for disqualification will be denied and the action will be dismissed in part.

    The Court must construe the papers filed by Mr. Gagan liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972);

***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a ***pro se*** litigant.  ***See Hall***, 935 F.2d at 1110.

The Court first will address the motion for disqualification, which Mr. Gagan apparently asserts pursuant to 28 U.S.C. § 455(a).  Section § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The goal of this provision is to avoid even the appearance of partiality.  ***See Liljeberg v. Health Servs. Acquisition Corp.***, 486 U.S. 847, 860 (1988).  Pursuant to § 455, the Court is not required to accept factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  ***Glass v. Pfeffer***, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotation marks omitted).  The standard is completely objective and "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom."  ***See United States v. Cooley***, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Gagan argues that disqualification of the entire bench is appropriate because Judge Marcia S. Krieger and other individuals conspired to violate various federal laws during the course of Mr. Gagan's federal criminal case.  ***See United States v. Gagan***, No. 02-cr-00193-MSK (D. Colo. June 15, 2004).  One other court official allegedly implicated in the conspiracy is Clerk of Court Gregory C. Langham.  Although the alleged conspiracy did not involve any other members of the bench, Mr. Gagan contends that disqualification of the entire bench is necessary for the following reason:

> Obviously, the relationship of the judges of this Court
> to Judge Marcia S. Krieger & Clerk Gregory C. Langham is
> presumably so intimate and the related esteem so high that
> the average person on the street, knowing all the relevant

> facts, would harbor doubts about any judge of this Court
> being able to act impartial in this case and in any other
> litigation brought in this Court by the Plaintiff.

(Doc. #3 at 16.)

The Court does not agree that Mr. Gagan's allegations regarding a conspiracy involving the district judge who presided over his criminal case and the Clerk of the Court would cause a reasonable person to doubt the impartiality of every other judge in the District of Colorado. "[S]ection 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." **United States v. Hines**, 696 F.2d 722, 729 (10th Cir. 1982). "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." **Cooley**, 1 F.3d at 993. Therefore, the Court finds that disqualification under § 455(a) is not appropriate and the motion for disqualification will be denied.

The Court next will address Mr. Gagan's claims in the Prisoner Complaint. Mr. Gagan alleges that on February 13, 2011, he submitted a FOIA request for certain public records to Defendant John Walsh, the United States Attorney for the District of Colorado. Mr. Gagan further alleges that his FOIA request was referred to the Executive Office for United States Attorneys (EOUSA) and that on March 31, 2011, the EOUSA denied his request because no records responsive to the request were found. Mr. Gagan asserts that he appealed the action of the EOUSA to the United States Department of Justice Office of Information Policy and that on September 19, 2011, he was advised that his request had been remanded to the EOUSA for a further search. Mr. Gagan maintains that he was advised in the September 19 notification that he could

3

file suit in federal district court if he was dissatisfied with the action taken.

Mr. Gagan specifically asserts two claims for relief challenging an alleged failure to respond to his request for expedited processing of his FOIA request, although he fails to allege when he made a request for expedited processing. He first claims that the failure to respond to his request for expedited processing violates FOIA and Department of Justice regulations. Mr. Gagan's second claim is that the failure to respond in a timely manner to his request for expedited processing of his FOIA request constitutes agency action unlawfully withheld in violation of the APA. The named Defendants are United States Attorney General Eric Holder, United States Attorney for the District of Colorado John Walsh, and the Department of Justice.

The Court first will address Mr. Gagan's APA claim. Under the APA, a person aggrieved by agency action is entitled to judicial review. **See** 5 U.S.C. § 702. However, the APA provides for judicial review of final agency action only when "there is no other adequate remedy in a court." 5 U.S.C. § 704; **see also Bowen v. Massachusetts**, 487 U.S. 879, 903 (1988) (stating that "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."). Therefore, if the relief Mr. Gagan seeks is available under FOIA, he cannot seek the same relief under the APA. **See Feinman v. F.B.I.**, 713 F. Supp.2d 70, 76 (D.D.C. 2010) (stating that "[t]his Court and others have uniformly declined jurisdiction over APA claims that sought remedies made available by FOIA.").

To the extent Mr. Gagan is seeking a release of records that he contends have been wrongfully withheld, it is clear that FOIA provides an adequate remedy. More specifically, FOIA provides that a district court "has jurisdiction to enjoin the agency from

withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). To the extent Mr. Gagan is seeking judicial review of the alleged failure to respond to his request for expedited review, that relief also is available in a FOIA action. Under FOIA, agencies are required to promulgate regulations "providing for expedited processing of requests for records" in certain circumstances. 5 U.S.C. § 552(a)(6)(E)(i). The statute also provides that "[a]gency action to deny or affirm denial of a request for expedited processing . . . and failure by an agency to respond in a timely manner to such a request shall be subject to judicial review" under § 552(a)(4). 5 U.S.C. § 552(a)(6)(E)(iii). Therefore, because all of the relief Mr. Gagan seeks in this action is available under FOIA, he may not pursue the same relief under the APA and the APA claim will be dismissed.

With respect to Mr. Gagan's FOIA claim, the Court notes that "FOIA authorizes suit against federal agencies, but does not create a right of action against individual employees of the agency." **Scherer v. United States**, 241 F. Supp.2d 1270, 1278 (D. Kan. 2003). Therefore, the individuals named as Defendants in the Prisoner Complaint, Attorney General Holder and United States Attorney Walsh, will be dismissed as parties to this action.

The Court will not address at this time the merits of Mr. Gagan's FOIA claim against the Department of Justice. Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Accordingly, it is

ORDERED that Plaintiff's motion for disqualification (Doc. #3) is denied. It is

FURTHER ORDERED that Plaintiff's second claim for relief that is asserted pursuant to the Administrative Procedure Act is dismissed. It is

FURTHER ORDERED that Defendants Eric Holder, Jr., and John Walsh, III, are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this   14th   day of    December    , 2011.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court